Rudolph Konlock and Susan Anton, Plaintiffs-Respondents-Cross-Appellants,
United Health Care Insurance Company, Involuntary-Plaintiff-Respondent,
v.
Anthony DePietro and Nathan Furru, Defendants-Appellants-Cross-Respondents.
No. 03-2243.
Court of Appeals of Wisconsin.
Opinion Filed: August 18, 2004.
Before Brown, Nettesheim and Snyder, JJ.
¶ 1 PER CURIAM.
Anthony DePietro and Nathan Furru appeal from the judgment entered after trial. They argue on appeal that the circuit court erred when it denied their motions for summary judgment and judgment notwithstanding the verdict. They also argue on appeal that the circuit court erred when it concluded that they were not entitled to immunity under WIS. STAT. § 893.80 (2001-02).[1] We conclude that the appellants are entitled to immunity under § 893.80. Consequently, we reverse the judgment of the circuit court, and direct the court to enter judgment for the appellants consistent with this opinion.[2]
¶ 2 The respondents, Rudolph Konlock and Susan Anton, brought this action against the appellants for injuries they suffered in an accident. At the time of the underlying accident, the appellants were employed by the Department of Natural Resources, and had been instructed to cut down trees that interfered with traffic on a road in the Kettle Moraine Recreational Area. Konlock was driving a motorcycle and Anton was his passenger. DePietro was cutting down a tree and Furru was standing in the road. As Konlock approached, Furru put up his hand to get Konlock to stop. Konlock drove around Furru, kept driving down the road about thirty to forty feet, and then stopped. After he stopped, the tree that DePietro was cutting fell on Konlock and Anton.
¶ 3 Konlock and Anton sued. Before trial, the appellants moved for summary judgment on the grounds that they were entitled to governmental immunity. The court denied the motion and the matter went to trial. At trial, the jury found that Konlock was forty percent negligent, DePietro was forty percent negligent, and Furru was twenty percent negligent. The appellants then moved for judgment notwithstanding the verdict, again on the grounds of governmental immunity. Once again, the circuit court denied the motion. The circuit court found that cutting down a tree constituted a known and compelling danger and was an exception to immunity under WIS. STAT. § 893.80(4).
¶ 4 On appeal, DePietro and Furru argue that the circuit court erred when it denied their motions for summary judgment and judgment notwithstanding the verdict, and that they are entitled to immunity because they did not have a ministerial duty to act in a specific way. We agree that the appellants are entitled to immunity, and that the circuit court should have granted their initial motion for summary judgment, and their motion for judgment notwithstanding the verdict. Consequently, we reverse the judgment of the circuit court.
¶ 5 Our review of the circuit court's grant of summary judgment is de novo, and we use the same methodology as the circuit court. M & I First Nat'l Bank v. Episcopal Homes Mgmt., Inc., 195 Wis. 2d 485, 496, 536 N.W.2d 175 (Ct. App. 1995). That methodology is well known, and we need not repeat it here. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. at 496-97. We conclude that the appellants are entitled to judgment as a matter of law.
¶ 6 Generally, municipal and state officers and employees are entitled to immunity from suit. See Lodl v. Progressive N. Ins. Co., 2002 WI 71, ¶20, 253 Wis. 2d 323, 646 N.W.2d 314. There are several exceptions to this immunity. Id., ¶24. Officers and employees are not immune from liability for performance of ministerial duties, and for situations in which there are "known and compelling dangers that give rise to ministerial duties." Id. A ministerial duty is one that is "absolute, certain and imperative, involving merely the performance of a specific task." Id., ¶25 (citation omitted). It is a duty that has been "positively imposed by law, and its performance required at a time and in a manner, or upon conditions which are specifically designated, the duty to perform under the conditions specified not being dependent upon the officer's judgment or discretion." Id., ¶26 (citation omitted).
¶ 7 The known and compelling danger exception is determined on a case-by-case basis. Id., ¶ 38. A dangerous situation will give rise to a ministerial duty when there exists a danger of such force that "the time, mode and occasion for performance is evident with such certainty that nothing remains for the exercise of judgment and discretion." Id. (citation omitted). The duty arises, therefore, "by virtue of particularly hazardous circumstancescircumstances that are both known to the municipality or its officers and sufficiently dangerous to require an explicit, non-discretionary municipal response." Id., ¶39. For this exception to apply, the danger must be so compelling that "a self-evident, particularized, and non-discretionary municipal action is required." Id., ¶40. It is not enough that the situation require the employee "to `do something' about it. The generic `doing' of `something' cannot possibly be characterized as a ministerial duty." Id., ¶43. Rather, a ministerial duty is a duty to act in a particular way; it is explicit as to time, mode and occasion for performance, and does not admit of any discretion. Id., ¶44.
¶ 8 The facts of Lodl involved an intersection where the traffic lights had stopped working. Id., ¶6. The town sent an officer to the intersection. Id., ¶8. The parties disputed whether the officer was actually directing traffic. Id., ¶9. The officer said that he was directing traffic, but no one was yielding. Another witness testified that the officer was merely standing at the side of the road. Id. An accident occurred, and an injured passenger sued the town and the officer. Id., ¶¶10-11. The town claimed immunity, and, eventually, moved for summary judgment, which the circuit court granted. Id., ¶12. The plaintiff appealed, arguing that the officer had a ministerial duty to direct traffic, and that the known and compelling danger exception applied. Id. The supreme court did not agree. Id., ¶5. The court found that while the situation was admittedly dangerous, it "allowed for the exercise of officer discretion as to the mode of response." Id. Similarly, we conclude that neither exception applies to this case.
¶ 9 First, the appellants did not have a ministerial duty to respond in a particular way to this situation; there is no prescribed mode for responding to this situation. The appellants were aware that this was a potentially dangerous situation. They took action: DePietro cut the trees while Furru monitored the traffic, even to the point of attempting to get Konlock to stop. They exercised discretion in responding to the potential danger. Furru attempted to warn Konlock of the approaching danger. It is of no consequence that Konlock misinterpreted Furru's signal to stop. This creates a more compelling case for immunity than the facts of Lodl in which the officer did not take any action to prevent the accident. Id., ¶14.
¶ 10 Neither does the known and compelling danger exception apply. First, the appellants did respond to the potential danger. And, as we have already discussed, there was no particular response required that was explicit as to time, mode and occasion for performance. Furru and DePietro took action to protect against the dangerous conditions. They used their judgment to determine how to respond, and they are entitled to immunity. Consequently, we reverse the judgment of the circuit court and direct the circuit court to enter judgment consistent with this opinion.
¶ 11 The appellants are entitled to recover the costs incurred in connection with their appeal. They are not entitled to recover the costs arising from the cross-appeal.
By the Court.  Judgment reversed and cause remanded with directions; cross-appeal dismissed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] Because we conclude that the circuit court erred when it did not grant immunity to the appellants, we need not address the issues raised by the cross-appeal, and it is dismissed.